Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/30/2018 08:13 AM CDT

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. JOHN D. FELLER, RESPONDENT.
___ N.W.2d ___

Filed March 23, 2018.    No. S-17-1291.

Original action. Judgment of disbarment.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and
FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, John D. Feller, on December 11,
2017. The court accepts respondent's voluntary surrender of
his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the
State of Nebraska on July 2, 1976. On December 11, 2017,
respondent filed a voluntary surrender of license to practice
law, in which he stated that, on August 22, 2017, a griev-
ance was filed against him with the Counsel for Discipline
alleging that he misappropriated client funds. Respondent
stated that he knowingly chooses not to contest the truth of
the allegations made against him in the grievance letter. He
also stated that he freely and voluntarily waives his right to
notice, appearance, or hearing prior to the entry of an order of

- 462 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. FELLER
Cite as 299 Neb. 461

disbarment, and consents to the entry of an immediate order
of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in
pertinent part:

(A) Once a Grievance, a Complaint, or a Formal
Charge has been filed, suggested, or indicated against a
member, the member may voluntarily surrender his or
her license.

(1) The voluntary surrender of license shall state in
writing that the member knowingly admits or knowingly
does not challenge or contest the truth of the suggested
or indicated Grievance, Complaint, or Formal Charge
and waives all proceedings against him or her in connec-
tion therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that
respondent has voluntarily surrendered his license to practice
law and knowingly does not challenge or contest the truth of
the suggested allegations made against him. Further, respond-
ent has waived all proceedings against him in connection
therewith. We further find that respondent has consented to the
entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the
court finds that respondent has stated that he freely, know-
ingly, and voluntarily admits that he does not contest the alle-
gations being made against him. The court accepts respond-
ent's voluntary surrender of his license to practice law, finds
that respondent should be disbarred, and hereby orders him
disbarred from the practice of law in the State of Nebraska,
effective immediately. Respondent shall forthwith comply with
all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary
rules, and upon failure to do so, he shall be subject to punish-
ment for contempt of this court. Accordingly, respondent is

- 463 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. FELLER
Cite as 299 Neb. 461

directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.

Wright, J., not participating.